# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **DEREK WILLIAMS,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | **Civil Action No. 1:22-cv-1103** |
| § | |
| **CMG MORTGAGE, INC. and CENLAR FSB,** § | |
| § | |
| *Defendants.* § | |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendants CMG Mortgage, Inc. ("CMG") and Cenlar FSB ("Cenlar") (collectively "Defendants") remove this action from the 353rd Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, and in support thereof would show unto the Court the following:

### I.  STATE COURT ACTION

1. On September 30, 2022, Plaintiff Derek Williams ("Plaintiff" or "Williams") filed an Original Petition, Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction, and Request for Disclosures (the "Complaint"), *Derek Williams v. CMG Mortgage, Inc. and Cenlar FSB*; Cause No. D-1-GN-22-005106, in the 353rd Judicial District Court of Travis County, Texas. Plaintiff then amended his Complaint on October 3, 2022, seeking to stop the October 4, 2022 foreclosure of the real property commonly known as 21000 Green Park Drive, Lago Vista, Texas 78645 (the "Property").

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 353rd Judicial District Court of Travis County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff seeks injunctive relief and damages for negligence, violation of Texas Property Code Ann. Ch. 51, and breach of contract.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 353rd Judicial District Court of Travis County, Texas and obtained by Defendants are attached hereto. In support of this removal and as required by Local Rule, please find attached as follows:

        **Exhibit A:** Civil Cover Sheet;

        **Exhibit B:** Supplement to Civil Cover Sheet;

        **Exhibit C:** State Court Docket Sheet;

        **Exhibit D:** State Court File; and

        **Exhibit E:** Travis County Appraisal District Record.

## II. TIMELINE FOR NOTICE OF REMOVAL

5. Defendants have not been served in this action and Plaintiff has not requested service. Less than thirty (30) days have passed since Defendants received unofficial notice of this lawsuit, and thus, removal is timely. 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. The Court has original jurisdiction over this action pursuant to §§1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

    **a.**    **Diversity of Citizenship**

7. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

8. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

9. Based upon Plaintiff's Complaint, Plaintiff is a citizen of Travis County, Texas.

10. Defendant CMG Mortgage, Inc. is incorporated in California, and has its principal place of business in California. For purposes of diversity, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. See 28 U.S.C. §1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). Thus, Defendant CMG is a citizen of California for purposes of diversity.

11. Defendant Cenlar FSB is a federal savings bank and has its corporate headquarters and its principal place of business in the state of New Jersey. Cenlar's citizenship is determined by the location of its main offices as set forth in their respective articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Cenlar's main office, as designated in its registration, is located in New Jersey. Therefore, Cenlar is a citizen of New Jersey for diversity purposes.

12. Plaintiff is a citizen of the State of Texas, Defendant CMG is a citizen of California, and Defendant Cenlar is a citizen of New Jersey, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

### b. Amount in Controversy Exceeds $75,000

13. Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

14. The Complaint seeks relief from Defendants, including injunctive relief, loss of equity and damages related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

15. The most recent tax appraisal for the Property sets the market value of the Property at $417,676.00.[1] This alone satisfies the $75,000 requirement. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

### IV. VENUE

16. Venue for this Removal is proper in the United States District Court for the Western District of Texas, Austin Division, because this district and division includes Travis County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

### V. CONCLUSION

WHEREFORE Defendants CMG Mortgage, Inc. and Cenlar FSB remove this action from the 353rd Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734

---

[1] *See* Exhibit E – Travis County Appraisal District valuation for the Property for 2022.

(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and sent to all parties of record on this the 28th day of October 2022.

***VIA ECF*:**
Robert C. Newark, III
A Newark Firm
1341 W. Mockingbird Lane, Suite 600W
Dallas, Texas 75247
robert@newarkfirm.com
**ATTORNEYS FOR PLAINTIFF**

          */s/ Shelley L. Hopkins*
          Shelley L. Hopkins